UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASSAD MOUHAFFEL                                                CIVIL ACTION

VERSUS

SOUTHEAST HOLDINGS, LLC                               NO: 18-01050-BAJ-RLB
OF MONTANA

## RULING AND ORDER

Before the Court is an appeal of an order issued by the United States Bankruptcy Court for the Middle District of Louisiana granting a **Motion for Attorney's Fees, Costs, and Punitive Damages (Doc. 1)** filed by Southeast Holdings, LLC of Montana, Appellee, against Assad Mouhaffel, Appellant. For the reasons that follow, the order of the Bankruptcy Court is **AFFIRMED**.

I.  BACKGROUND

This appeal arises from the filing and dismissal of an involuntary petition. On July 12, 2018, Mouhaffel filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code. The alleged debtor, Southeast Holdings, filed a Motion to Dismiss, arguing that the petition did not meet the requirements under 11 U.S.C. §303, and that Mouhaffel's claim is the subject of a bona fide dispute as to liability in pending lawsuits in more than one Louisiana state court.[1] Southeast argued that

---

[1] Mouhaffel is the holder of a promissory note for $480,000 of which Southeast was the payor. Mouhaffel sued Southeast for the nonpayment of the note in Livingston and Ouachita Parish state courts. A claim which is the subject of a bona fide dispute must be eliminated from any calculation of whether a debtor generally was not paying his debts as they came due. *Matter of Busick*, 831 F. 2d 745

1

Mouhaffel's petition was filed in bad faith to thwart the prosecution of its lawsuit against Mouhaffel in state court. Mouhaffel argued that there is no bona fide dispute and that dismissal is unwarranted. On August 31, 2018, the Bankruptcy Court held a hearing on the motion.

On September 4, 2018, the Bankruptcy Court granted the Motion to Dismiss in favor of Southeast and dismissed the petition. Soon after, Southeast filed a Motion for Attorney's Fees, Costs, and Punitive Damages seeking $8,516.20 in attorney's fees and costs and the imposition of $10,000.00 in punitive damages against Mouhaffel for filing the involuntary petition in bad faith. On October 26, 2018, the Bankruptcy Court held a hearing on the motion and granted $8,141.20 in attorney's fees and $5,000.00 in punitive damages. Thereafter, Mouhaffel timely filed a Notice of Appeal challenging the Bankruptcy Court's Order. Mouhaffel did not appeal the Bankruptcy Court's decision to dismiss the petition.

## II. LEGAL STANDARD

In bankruptcy appeals, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal. *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004). A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law *de novo*. *Id.* Under the "clearly erroneous" standard, a district court will reverse "only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Walker v. Cadle Co.*, 51 F.3d 562, 565 (5th Cir. 1995).

---

(7th Cir. 1987). If a bona fide dispute is identified as to either law or the facts, then the creditor does not qualify, and the petition must be dismissed. *Id.* at 750.

2

Therefore, in addressing Mouhaffel's appeal of the Bankruptcy Court's order, the question the Court must answer is whether the Bankruptcy Court correctly awarded attorney's fees and costs under 11 U.S.C. §303(i)(1) and punitive damages under §303(i)(2).

### III. DISCUSSION

This appeal implicates 11 U.S.C. §303, which is the provision of the Bankruptcy Code that governs involuntary petitions. An involuntary petition may be commenced by a creditor under Chapter 7 or 11. The creditor who files is the "petitioning creditor" and, the person or entity on whose behalf the petition is filed is the "alleged debtor." If a bankruptcy court dismisses an involuntary petition under §303(i), the alleged debtor may be awarded attorney's fees and costs at the discretion of the bankruptcy court. Upon a finding of bad faith on the part of petitioning creditor(s) in filing the petition, the Court may also impose punitive damages.

#### A. Award of Attorney's Fees under §303(i)(1)

Under §303(i)(1), if the court dismisses an involuntary petition other than on consent of all petitioners and the alleged debtor, and if the alleged debtor does not waive the right to judgment under this subsection, the court may grant judgment against the petitioning creditor(s) and in favor of the alleged debtor for costs and reasonable attorney's fees. Mouhaffel argues that the Bankruptcy Court erred in using the proper test for awarding attorney's fees and costs. Mouhaffel further argues that the Bankruptcy Court should have adopted a good faith presumption of which the burden of rebutting the presumption is placed on the alleged debtor. (Doc. 7 at

3

pg. 7). Mouhaffel also asserts that whether the petitioner filed in bad faith is the proper test to determine an award under this section.

The Court finds that the Bankruptcy Court was not required to apply a bad faith test as a prerequisite to exercising its discretion to award attorney's fees and costs under this section. According to the plain language of §303(i)(1), all that is required is a dismissal of the petition on grounds other than the consent of all parties and no waiver of the alleged debtor's right to judgment under the section. Here, the Bankruptcy Court dismissed the petition without a waiver from Southeast and on grounds consistent with this section. Thus, the Court finds no error in the Bankruptcy Court's discretion to award attorney's fees and costs to Appellee.

### B. Award of Punitive Damages under §303(i)(2)

Under §303(i)(2), a bankruptcy court may grant judgment against any petitioning creditor who filed in bad faith for any damages proximately caused by the filing or punitive damages. Mouhaffel argues that the Bankruptcy Court did not use the proper test to find bad faith. Mouhaffel further argues that he was entitled to a good faith presumption of which Southeast had the burden to rebut under this section as well.

#### 1. Defining Bad Faith in the Context of Involuntary Petitions

The Bankruptcy Code does not define what constitutes bad faith for purposes of §303(i)(2). Mouhaffel argues that bad faith in the context of an involuntary petition merely requires the Court to find that the creditor is motivated by "ill will, malice or for the purpose of embarrassing or harassing the debtor." (Doc. 7 at p. 8). Mouhaffel

4

finds support in this assertion in *In re Sims*, 994 F.2d 210,222 (5th Cir. 1993). In *In re Sims*, the United States Court of Appeals for the Fifth Circuit found that the district court erred in dismissing the involuntary petitions as bad faith filings. The Fifth Circuit found that "there is no evidence that the filing of the petitions was 'motivated by ill will, malice or for the purpose of embarrassing or harassing the debtor[s].'" *Id.* at 222. (quoting *In re West Side Community Hospital*, 112 B.R. 243,258 (Bankr. N.D. Ill. 1990). The Fifth Circuit then proceeded to observe that, "Furthermore, there was undisputed evidence that the creditors conducted a reasonable inquiry into the facts and the law prior to filing the petitions, as required by Bankruptcy Rule 9011." *Id.*

The case of *In re Sims* reveals that the Fifth Circuit did not employ the single prong test of "ill will, malice or for the purpose of embarrassing or harassing the debtor" to define whether the petition was filed in bad faith, as Mouhaffel asserts. The Fifth Circuit's analysis in *In re Sims* is more akin to a totality of the circumstances consideration rather than the establishment of a strict test to find bad faith. The Fifth Circuit considered evidence of ill will, malice, or harassment for the purpose for the filing to pinpoint the more blatant characteristics of bad faith. However, to achieve the all-encompassing analysis that multi-factor considerations are expected to yield, the Fifth Circuit's incorporation of Federal Rule of Bankruptcy Procedure 9011 was necessary; courts commonly associate non-compliance of Rule 9011 as bad faith.[2] When a court evaluates compliance with this rule, it considers

---

[2] See *In re Yorkshire LLC*, 540 F.3d (5th Cir. 2008)(affirmed bankruptcy court's imposition of sanctions and holding that petitions were filed with a bad motive and no meaningful thought to the purposes of

5

many aspects of the filing, such as the purpose of the filing, the timing, the claims, the defenses, and any evidentiary support. Each aspect becomes a separate circumstance to consider. The Fifth Circuit considered all these circumstances in reaching the conclusion that petitioners did not file in bad faith.

The Court finds that the Bankruptcy Court correctly employed a totality of circumstances approach consistent with that of the Fifth Circuit in *In re Sims*. The Bankruptcy Court considered the timing of the filing, the purpose of the filing, the status of litigation in Louisiana courts, the validity of the debt, the few assets of alleged debtor, whether the creditor conducted a reasonable inquiry into the facts, and the result if the involuntary petition proceeded. (Doc. 5-1 at p. 29). The Bankruptcy Court concluded that a good faith purpose for the filing was not apparent given the circumstances.[3] The Bankruptcy Court even noted that had the petition proceeded, Mouhaffel would have been the recipient of an avoidable transfer under 11 U.S.C. §547, which certainly would have been challenged by a Chapter 7 trustee. (Id).

### 2. The Alleged Debtor is Not Required to Rebut a Good Faith Presumption as a Prerequisite to the Award of Punitive Damages.

Mouhaffel contends that several courts have ruled that it is presumed that

---

bankruptcy); *Matter of* Carroll, 850 F.3d 811 (5th Cir. 2017)(bankruptcy and district court found bad faith when appellants engaged in conduct intended to harass and delay).

[3] The Bankruptcy Court cited specific facts, such as the admission of Mouhaffel's counsel during oral arguments that the filing was a preemptive move in case of the invalidation of the property transfer, Southeast's non-eligibility for a discharge under Chapter 7, the fact that the obligation under the promissory note was subject to bona fide disputes in two state courts, and that Mouhaffel filed the petition soon after he lost a summary judgment motion in state court regarding the validity of the promissory note. (Doc. 5-1).

petitioning creditors act in good faith when filing an involuntary petition, and it is the alleged debtor's burden to overcome that presumption for the imposition of punitive damages. While a few district courts in this Circuit have recognized this principle, Mouhaffel provides no Fifth Circuit caselaw to support this assertion.[4] The Court finds that Southeast's rebuttal of Mouhaffel's good faith presumption is not a prerequisite to the Bankruptcy Court's discretion to award punitive damages in this matter. Although there is a very small number of bankruptcy courts within the Fifth Circuit who have adopted this approach, the Fifth Circuit has not mandated it. The Court also finds that if this standard was adopted, the evidence provided in the record strongly supports a finding that the good faith presumption was rebutted for the reasons previously described. The totality of circumstances approach fully encompassed all factors relevant to determine bad faith for purposes of punitive damages imposed pursuant to §303(i)(2).

### 3. Southeast's Request for Additional Attorney's Fees Under §303(i)(1)

Southeast requests that the Court award additional attorney's fees for the appeal. Southeast claims that the appeal is frivolous, and that the Court has power to award additional attorney's fees under 11 U.S.C. §303(i)(1). Southeast cites one

---

[4] Appellant cites *In re Forever Green Athletic Fields, Inc.*, 500 B.R. 413,426 (Bankr. E.D. Pa. 2013); *DiLoreto v. Costigan*, 600 F.Suppl.2d 671,690 (E.D. Pa. 2009); *In re Petralex Stainless, Ltd.*, 78 B.R. 738,743 (Bankr. E.D. Pa. 1987); *In re Kennedy*, 504 B.R. 815 (Bankr. S.D. Miss. 2014); *Aigner v. McMillan*, No. 11-47029, 2013 WL 2445042 (Bankr. N.D. Tex. 2013). The Bankruptcy Court for the Middle District of Louisiana has not adopted the good faith presumption standard as a prerequisite to imposing punitive damages. However, other bankruptcy courts in this district have adopted the good faith presumption standard. See *In re Synergistic Technologies, Inc.*, No. 07-31733, 2007 WL 2264700 (N.D. Tex. 2007); *In re Treaty Energy Corporation*, No. 13-11238, 2014 WL 6886643 (E.D. La. 2014); *Aigner v. McMillan*, No. 11-47029, 2013 WL 2445042 (Bankr. N.D. Tex. 2013).

case from the Eleventh Circuit for support because the Fifth Circuit has not awarded additional attorney's fees for appeal under this section.[5]

The Court declines to award additional attorney's fees here because the plain language of §303(i)(1) does not empower this Court to award attorney's fees. Section 303(i)(1) provides, "if a court dismisses a petition under this section...." a bankruptcy court is the only court that can dismiss an involuntary petition; therefore, the award of attorney's fees under § 303(i)(1) is solely within the power of a bankruptcy court. This Court's review of relevant Fifth Circuit caselaw suggests that a district court may affirm an award previously imposed by the bankruptcy court or even reverse it. However, the jurisdiction of this Court does not extend §303(i)(1) to award additional attorney's fees.

### IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the Order of the Bankruptcy Court (Doc. 1) is **AFFIRMED**.

Baton Rouge, Louisiana, this 30th day of September, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[5] Appellee cites *In re Rosenberg*, 779 F.3d 1254, 1266 (11th Cir. 2015)(holding that §303(i)(1) does not preclude an appellate court from awarding attorney's fees incurred to defend an appeal).